CCC:LTG
F. # 2018R01495

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   OCT - 2 2019   ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

KEVIN CARRIKER and
MARK LAMICA,
    also known as "Mark Lomica,"

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

CR No. 19 453
(T. 18, U.S.C., §§ 981(a)(1)(C), 1343,
1349, 2 and 3551 et seq.; T. 21, U.S.C., §
853(p); T. 28, U.S.C., § 2461(c))

AZRACK, J.

LOCKE, M. J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendants and Companies</u>

    1.    Rio Vista Universal, Inc. ("RVU") was a Wyoming company with its principal place of business in Beverly Hills, California. RVU was a media and entertainment company that claimed, in part, to organize concerts and concert tours on behalf of famous performance artists and to offer investors the opportunity to fund these concerts and concert tours, promising a substantial return on the investment.

    2.    Untouchable Management Group LLC ("UMG") was a talent management company with its principal place of business in San Diego, California. UMG claimed to manage performance artists. UMG had a Wells Fargo bank account in Beverly Hills, California (the "UMG Wells Fargo Account").

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT - 2 2019 ★

LONG ISLAND OFFICE

CR 19 453

AZRACK, J.

LOCKE, M.J.

3. The defendant KEVIN CARRIKER was the Vice President of Sales and Marketing for RVU.

4. The defendant MARK LAMICA, also known as "Mark Lomica," was the Managing Partner of RVU. LAMICA also controlled UMG and the UMG Wells Fargo Account.

## II. The Fraudulent Scheme

5. In or about and between July 2017 and April 2019, both dates being approximate and inclusive, the defendants KEVIN CARRIKER and MARK LAMICA, also known as "Mark Lomica," devised and implemented a scheme to defraud investors of money by, among other things, soliciting and accepting funds for investment in various purported concerts and concert tours, and by falsely claiming that performance artists had agreed to perform at such concerts and concert tours, when, as the defendants knew, neither the artists nor their representatives had agreed to participate in these concerts and concert tours.

6. It was a further part of their fraudulent scheme that the defendants falsely claimed to investors that their investment capital would be used to initiate discussions with, or to make a down payment to, performance artists to ensure they would commit to performing at the concerts, when, in fact, the defendants used the money for their own benefit.

7. In furtherance of the scheme to defraud, between August 2017 and April 2019, LAMICA received approximately $575,000 in wire transfers to the UMG Wells Fargo Account from investors for investment in the purported concerts and concert tours. Instead of investing the funds as represented, LAMICA transferred the funds from the UMG

Wells Fargo Account to other bank accounts he controlled, and thereafter diverted the money for his own personal use.

III.    The Fraud Scheme Victims

8.    John Doe #1 and John Doe #2, individuals whose identities are known to the Grand Jury, were residents of San Diego, California. In August 2017, John Doe #1 and John Doe #2 invested $100,000 to finance a purported concert at Petco Park in San Diego, California ("Petco Park"), after the defendant MARK LAMICA, also known as "Mark Lomica," represented that the funds would be used solely to initiate discussions with Performer #1, an individual whose identity is known to the Grand Jury, to perform at the concert.

9.    John Doe #3, an individual whose identity is known to the Grand Jury, was a resident of San Jose, Costa Rica. In February 2018, John Doe #3 invested $100,000 to finance a purported concert at The National Stadium of Costa Rica in San Jose, Costa Rica, after LAMICA represented to John Doe #3 that the money would be used solely as a down payment to ensure that Performer #2, an individual whose identity is known to the Grand Jury, would commit to performing at the concert.

10.    John Doe #4, an individual whose identity is known to the Grand Jury, was a resident of San Jose, Costa Rica. In August 2018, John Doe #4 invested $100,000 to finance a purported concert featuring Performer #3, an individual whose identity is known to the Grand Jury, at Petco Park on October 21, 2018 (the "Petco Park Concert"), after LAMICA represented to John Doe #4 that both Performer #3's father and Performer #3's manager committed that Performer #3 would perform at the Petco Park Concert. Before

John Doe #4 made this investment, the defendant KEVIN CARRIKER also represented to John Doe #4 that Performer #3 had committed to perform at the Petco Park Concert.

11. John Doe #5, an individual whose identity is known to the Grand Jury, was a resident of San Jose, Costa Rica. In August 2018, John Doe #5 invested $100,000 to finance the Petco Park Concert, after LAMICA represented to John Doe #5 that Performer #3 personally committed to performing at that concert. Before John Doe #5 made this investment, CARRIKER also represented to John Doe #5 that the Petco Park Concert was a "done deal" and that they were going to make "a lot of money."

12. John Doe #6, an individual whose identity is known to the Grand Jury, was a resident of Dorset, England. In September 2018, John Doe #6 invested $150,000 to finance the Petco Park Concert, after LAMICA represented to John Doe #5 that Performer #3 personally committed to performing at that concert.

13. In March 2019, an agent of the Federal Bureau of Investigation, acting in an undercover capacity (the "UC"), whose identity is known to the Grand Jury, invested $25,000 to finance a purported United States tour featuring Performer #4 (the "U.S. Tour"), an individual whose identity is known to the Grand Jury, after LAMICA represented to the UC that Performer #4 personally committed to performing at the U.S. Tour. CARRIKER also represented to the UC that he performed due diligence on the deal and that the UC should expect a high rate of return on his investment.

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

14. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between August 2017 and April 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEVIN CARRIKER and MARK LAMICA, also known as "Mark Lomica," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud investors, and to obtain money and property from investors by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice to transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Wire Fraud)

16. The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

17. On or about March 8, 2019, within the Eastern District of New York and elsewhere, the defendants KEVIN CARRIKER and MARK LAMICA, also known as "Mark Lomico," together with others, did knowingly and intentionally devise a scheme and artifice to defraud the UC, and to obtain money and property from the UC by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and

artifice to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs and signals, to wit: a transfer of $25,000 from Signature Bank in Long Island, New York to the UMG Wells Fargo Account in California.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

18. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Count One and Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

KEVIN CARRIKER AND MARK LAMICA,
ALSO KNOWN AS MARK LOMICA,

Defendants.

# INDICTMENT

Title 18 USC §§ 1343, 1349, 2 and 3551 et seq.

*A true bill.*

_____
                                                              Foreperson

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20_____

_____
                                                                   Clerk

*Bail, $* _____

*Lara Treinis Gatz, Assistant U.S. Attorney (631) 715-7913*